IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN BEHEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 06-0680-CV-W-DW-SSA |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff John Behee seeks judicial review of the decision of the Commissioner of Social Security Administration denying his application for benefits under Title II of the Social Security Act. On April 27, 2006, following a hearing, the administrative law judge[1] ("ALJ") found Plaintiff was not disabled under the Act. The Appeals Council of the Social Security Administration denied Plaintiff's request for review. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully considering the parties' arguments and the submitted record, the Court affirms the Commissioner's decision for the reasons set forth below.

**I.   STANDARD OF REVIEW**

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Travis v. Apfel, 477 F.3d

---

[1] The Honorable Gary E. Lowe.

1037, 1040 (8th Cir. 2007). This review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

**II. DISCUSSION**

Plaintiff argues that the ALJ committed numerous reversible errors including: failing to properly evaluate the credibility of his testimony and that provided by his wife; failing to give controlling weight to Dr. Nair or otherwise specifying the weight afforded to Dr. Nair's opinion; and failing to assess the impact of Plaintiff's obesity on his ability to perform in the work environment.

A. Credibility

Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making credibility determinations, the ALJ must consider objective medical evidence, as well as any evidence relating to the so-called Polaski factors, namely: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4)

dosage, effectiveness and side effects of medication; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In addition, subjective complaints, such as severity of impairments, may be discounted if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322.

Here, the ALJ, applying the appropriate standards, concluded that Plaintiff's alleged disability was significantly undermined by inconsistencies between statements made to physicians and those made at the hearing. The ALJ further noted a lack of compliance with prescribed medication regimen and a motivation to secure disability benefits rather than improve his condition. These findings are supported by the record and constitute substantial evidence on the record as a whole. Plaintiff's spouse's testimony is largely duplicative of Plaintiff's own testimony and while consistent with Plaintiff's allegations does not override the evidence relied upon by the ALJ.

B. Medical Sources

While treating physicians' opinions are entitled to substantial weight, a treating physician's opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical or diagnostic data. Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ resolves conflicts between competing medical opinions in the record, including the opinions of the treating and examining physicians. Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996). The ALJ may discount a treating physician's opinions that are inconsistent with, and contradicted by, other evidence in the record. Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999).

Contrary to Plaintiff's assertion, there is no evidence that the ALJ rejected Dr. Nair's

3

opinion. Rather, the ALJ found Dr. Nair's treatment notes from a year of visits inconsistent with his January 30, 2006 letter opining that Plaintiff was disabled. This alone does not constitute a rejection of Dr. Nair's opinion or a failure to articulate the weight he afforded to the opinion. This is especially true when the ALJ discussed the weight he gave to Dr. Nair's opinion relative to the other examining and non-examining opinions in the record and provided specific reasons for his determination.

      C.      Obesity

While social security rulings regulations require the ALJ to consider combined effects of obesity and other impairments, the Court finds no error where the Plaintiff alleges no such effects and the medical evidence contained in the record does not contain any indications of such obesity-related limitations.

**III.    CONCLUSION**

After a careful review of the record, the ALJ's decision, and the arguments of the parties, the Court finds that the ALJ conformed to the applicable legal standards and his decision is supported by substantial evidence on the record as a whole. Accordingly, the Court AFFIRMS the Commissioner's decision.

Date:   December 18, 2007                                           /s/ Dean Whipple
                                                                                        Dean Whipple
                                                                           United States District Judge